FILED
CLERK, U.S. DISTRICT COURT

FEB 17 2009

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

AMIL FRLUCKAJ,                        )        NO. ED CV 08-1019-MMM(E)
                                      )
                Petitioner,           )
                                      )
        v.                            )        MEMORANDUM AND ORDER
                                      )
L. SMALL, Warden,                     )
                                      )
                Respondent.           )
_____      )

**PROCEEDINGS**

        Petitioner filed a "Petition for Writ of Habeas Corpus By a Person in State Custody" on July 29, 2008, accompanied by a Memorandum of Points and Authorities ("Pet. Mem.") and Exhibits ("Pet. Ex."). The Petition alleges: (1) the trial court imposed an upper term sentence in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000) ("Apprendi"), Blakely v. Washington, 542 U.S. 296 (2004) ("Blakely"), and Cunningham v. California, 549 U.S. 270 (2007) ("Cunningham"); and (2) Petitioner's trial counsel provided ineffective assistance in various ways.  Respondent filed a Motion to Dismiss on October 20, 2008, alleging that Petitioner has not exhausted all of his claims.

1  Petitioner filed an Opposition to the Motion to Dismiss on November 5,
2  2008.

3
4  **BACKGROUND**
5

6      A jury convicted Petitioner of kidnapping for robbery, two counts
7  of first degree robbery, four counts of second degree robbery, and one
8  count of assault with a firearm (Petition, p. 2; Pet. Ex. C; see
9  People v. Frluckaj, 2006 WL 1555936, at *1 (Cal. Ct. App. 4th Dist.
10 June 8, 2006).  The charges arose out of several different incidents,
11 the last of which involved the kidnapping for the purpose of robbery
12 and the robbery of Asad Milbes.  The jury found true the allegations
13 that Petitioner had personally used a firearm in the commission of one
14 of the robberies, the kidnapping for robbery, and the aggravated
15 assault (Pet. Ex. C; see People v. Frluckaj, 2006 WL 1555936, at *1).
16 Petitioner received a sentence of 23 years and four months and a
17 consecutive term of seven years to life (Pet. Ex. A, pp. 2-3; Pet.
18 Ex. C; People v. Frluckaj, 2006 WL 1555936, at *1).

19

20     Petitioner appealed, alleging that his sentence violated Blakely
21 and Apprendi.  The Court of Appeal modified the judgment to provide
22 that the sentence on the kidnapping for robbery count was life with
23 the possibility of parole, not seven years to life, but otherwise
24 affirmed the judgment (Petition Ex. A, pp. 5-6; People v. Frluckaj,
25 2006 WL 1555936, at *2).  On August 16, 2006, the California Supreme
26 Court denied Petitioner's petition for review "without prejudice to
27 any relief to which defendant might be entitled after the United
28 States Supreme Court determines in Cunningham v. California, No. 05-

2

1  6551, the effect of *Blakely v. Washington* (2004) 542 U.S. 296 and

2  *United States v. Booker* (2005) 543 U.S. 220, on California law"

3  (Petition, Ex. B).

4

5  Petitioner filed a habeas corpus petition in the Riverside County

6  Superior Court, which that court denied on October 10, 2007 in a

7  written opinion (Pet. Ex. D; Respondent's Lodgment 1). Petitioner

8  filed a habeas corpus petition in the California Court of Appeal,

9  which that court denied summarily (Pet. Ex. E; Respondent's Lodgments

10  2, 3). Petitioner filed a habeas corpus petition in the California

11  Supreme Court, which that court denied on July 9, 2008 "without

12  prejudice to any relief to which petitioner might be entitled after

13  this court decides *In re Gomez*, S155425: whether a habeas petitioner

14  whose conviction became final after *Blakely v. Washington* (2004) 542

15  U.S. 296 but before *Cunningham v. California* (2007) 549 U.S. 270, is

16  entitled to the benefit of the high court's decision in *Blakely*" (Pet.

17  Exs. F, I, J, K, L, M).

18

19                          **PARTIES' CONTENTIONS**

20

21  Respondent contends that Petitioner failed to exhaust his claims

22  that trial counsel allegedly: (1) failed to request jury instructions

23  assertedly essential to Petitioner's defense; (2) failed to present

24  expert medical testimony; (3) failed to deliver an opening statement

25  outlining the defense strategy; and (4) conceded Petitioner's guilt in

26  closing argument without consulting Petitioner. Petitioner contends

27  these claims are exhausted, and further asserts that, in the event

28  that the Court determines that the Petition contains unexhausted

1  claims, Petitioner is entitled to a stay pursuant to <u>Rhines v. Weber</u>,

2  544 U.S. 269 (2005).

3

4                              **DISCUSSION**

5

6  A.    <u>**The Petition Is Mixed.**</u>

7

8       A federal court will not grant a state prisoner's petition for

9  writ of habeas corpus unless it appears that the prisoner has

10  exhausted available state remedies.  28 U.S.C. § 2254(b) - (c);

11  <u>Baldwin v. Reese</u>, 541 U.S. 27, 29 (2004); <u>O'Sullivan v. Boerckel</u>, 526

12  U.S. 838, 842 (1999).  "Comity thus dictates that when a prisoner

13  alleges that his continued confinement for a state court conviction

14  violates federal law, the state courts should have the first

15  opportunity to review this claim and provide any necessary relief."

16  <u>O'Sullivan v. Boerckel</u>, 526 U.S. at 844.  The exhaustion requirement

17  seeks to avoid "the unseemliness of a federal district court's

18  overturning a state court conviction without the state courts having

19  had an opportunity to correct the constitutional violation in the

20  first instance."  <u>Id.</u> at 844-45 (citations, internal brackets and

21  quotations omitted).

22

23       State remedies have not been exhausted unless and until the

24  petitioner's federal claims have been fairly presented to the state's

25  highest court.  <u>See</u> <u>Castille v. Peoples</u>, 489 U.S. 346, 350-51 (1989);

26  <u>James v. Borg</u>, 24 F.3d 20, 24 (9th Cir.), <u>cert. denied</u>, 513 U.S. 935

27  (1994).  A claim has not been fairly presented unless the petitioner

28  has described in the state court proceedings both the operative facts

and the federal legal theory on which his claim is based.  <u>Duncan v.</u>
<u>Henry</u>, 513 U.S. 364, 365-66 (1995); <u>Anderson v. Harless</u>, 459 U.S. 4, 6
(1982); <u>Weaver v. Thompson</u>, 197 F.3d 359, 364 (9th Cir. 1999).

     For purposes of exhaustion, the Petition "must be read in context
and understood based on the particular words used."  <u>Davis v. Silva</u>,
511 F.3d 1005, 1009 (9th Cir. 2008) (citation and internal quotations
omitted).  The Court must construe the <u>pro se</u> Petition liberally.  <u>Id.</u>

## 1.   Claim that Counsel Allegedly Failed to Request<br>Assertedly "Essential" Jury Instructions

     In the present Petition, Petitioner alleges that his trial
counsel failed to request jury instructions "essential" to
Petitioner's defense (Pet. Mem., p. 41).  In his California Supreme
Court habeas petition, Petitioner contended that, due to an alleged
failure to investigate, counsel "did not possess the necessary
information to request the jury instructions essential for properly
informing the jury of the proof necessary to establish the elements of
the crime charged" (Pet. Ex. J, p. 33).  Construed liberally and in
context, these allegations fairly presented to the California Supreme
Court Petitioner's claim that counsel allegedly failed to request
"essential" jury instructions.  Therefore, this claim is exhausted.

## 2.   Claim that Counsel Allegedly Failed to Obtain and Call<br>an Expert Witness

     In the present Petition, Petitioner alleges that his "voluntary

1   intoxication" at the time of the kidnapping allegedly prevented
2   Petitioner from forming the requisite intent to commit the crime.
3   Petitioner contends that his counsel could have argued that Petitioner
4   "delusionally" believed that Petitioner was not committing kidnapping,
5   but rather that the victim was voluntarily taking Petitioner shopping
6   (Pet. Mem., pp. 33-35).   Petitioner contends his trial counsel failed
7   to present the testimony of medical experts concerning the alleged
8   voluntary intoxication (Pet. Mem., pp. 41-42).
9
10       In Petitioner's Memorandum in support of his California Supreme
11  Court petition, Petitioner alleged that his trial counsel "failed to
12  investigate the extent and legal relevance of Petitioner's
13  intoxication" (Pet. Ex. J, p. 31).   Petitioner alleged that his
14  medical records showed Petitioner was intoxicated "sufficiently to be
15  in a state of confusion," and that Petitioner's father discovered that
16  Petitioner's trial counsel did not obtain Petitioner's medical records
17  or investigate their alleged relevance to Petitioner's case (Pet. Ex.
18  J, pp. 5, 32).   Petitioner indicated in the supporting Memorandum that
19  Petitioner had attached the purported declarations of Dr. John C.
20  Hiserodt, M.D. and attorney Douglas Bader, and alleged that those
21  declarations supported his allegations (Pet. Ex. J, p. 6).   Petitioner
22  cited In re Fields, 51 Cal. 3d 1063, 1070 n.2, 275 Cal. Rptr. 384, 800
23  P.2d 862 (1990), cert. denied, 502 U.S. 845 (1991) ("Declarations
24  attached to the petition and traverse may be incorporated into the
25  allegations, or simply serve to persuade the court of the bona fides
26  of the allegations.") (Pet. Ex. J, p. 6).
27  ///
28  ///

6

In Dr. Hiserodt's purported declaration, attached to Petitioner's California Supreme Court petition, Dr. Hiserodt opined that on the day of the kidnapping Petitioner assertedly was under the influence of multiple drugs which "significantly contributed to his confusion and poor judgement [sic] related to the crime" (Pet. Ex. M).  In his purported declaration, attorney Bader opined that Petitioner's trial counsel should have obtained an expert to interpret the results of Petitioner's blood tests on the day of his arrest and should have presented a medical doctor or chemical expert as a defense witness at trial (Pet. Ex. N).

"[T]o exhaust the factual bases of the claim, the petitioner must only provide the state court with the operative facts, that is, 'all of the facts necessary to give application to the constitutional principles upon which the petitioner relies.'"  Davis v. Silva, 511 F.3d at 1009 (citations, internal quotations and brackets omitted).  "[S]tate courts are expected to refer to sources cited by the petitioner."  Id. at 1011.  In Petitioner's California Supreme Court petition, Petitioner expressly referred to the purported declarations of Dr. Hiserodt and attorney Bader and cited In re Fields in support of the proposition that the declarations could be considered as part of the Petition.  See In re Rosenkrantz, 29 Cal. 4th 616, 675, 128 Cal. Rptr. 2d 104, 59 P.3d 174 (2002), cert. denied, 538 U.S. 980 (2003) ("The various exhibits that may accompany the petition, return and traverse do not constitute evidence, but rather supplement the allegations to the extent they are incorporated by reference.").  The purported declarations sufficiently advised the California Supreme Court that Petitioner contended that his trial counsel ineffectively

failed to call an expert defense witness to testify concerning Petitioner's alleged intoxication. Therefore, this claim is exhausted.

### 3.   Counsel's Failure to Deliver an Opening Statement Outlining the Defense Strategy

In the present Petition, Petitioner alleges that trial counsel failed to make an opening statement "outlining the defense strategy because he [counsel] had developed no strategy for the defense" (Pet. Mem., pp. 42-43).   In his California Supreme Court habeas petition, Petitioner asserted that his trial counsel ineffectively failed to investigate and present allegedly exculpatory evidence and allegedly mitigating evidence at sentencing (Pet. Ex. I, p. 4).   In the "Supporting Facts" section related to these claims, Petitioner alleged that counsel "made no opening statement, neither before nor after the presentation of the prosecution's case, indicating the nature of petitioner's defense" (Pet. Ex. I, p. 4b).   Construing these allegations liberally and in context, the allegations fairly presented to the California Supreme Court Petitioner's claim that counsel ineffectively failed to make an opening statement.   Therefore, this claim is exhausted.

### 4.   Claim that Counsel Allegedly Conceded Petitioner's Guilt in Closing Argument

In the present Petition, Petitioner contends that his counsel conceded Petitioner's guilt in closing argument without consulting

1  Petitioner (Pet. Mem., p. 43).  According to Petitioner, counsel
2  conceded guilt of the robberies and the kidnapping, but asked the jury
3  to find Petitioner not guilty of kidnapping for robbery (Pet. Mem.,
4  p. 17).

5

6       In the portion of Petitioner's California Supreme Court habeas
7  petition setting forth the "Supporting Facts" for Petitioner's claims
8  of ineffective assistance of counsel, Petitioner stated: "During
9  closing argument, defense counsel conceded the multiple robberies
10 alleged in the information, but asked the jury not to convict
11 petitioner of the charge of kidnapping [sic]" (Pet. Ex. I, p. 4b).  In
12 attorney Bader's attached purported declaration, Bader stated that
13 Petitioner's counsel ineffectively conceded in closing argument that
14 Petitioner had committed six robberies (Pet. Ex. N, p. 4).  Petitioner
15 thus fairly presented to the California Supreme Court his claim that
16 counsel ineffectively conceded guilt as to the robberies.  See In re
17 Rosenkrantz, 29 Cal. 4th at 675; In re Fields, 51 Cal. 3d at 1070 n.2.

18

19      However, Petitioner has not exhausted any claim that trial
20 counsel ineffectively conceded guilt on the kidnapping charge in
21 closing argument.  Petitioner points to his allegation in his
22 California Supreme Court habeas petition that Petitioner's counsel
23 conceded defenses to the kidnapping charge when counsel "told the
24 court: 'The false imprisonment is a fair set of charges . . .  I have

25

26

27

28

1   to ask for it'" (Opposition, citing Pet. Ex. J, p. 30).[1]  Petitioner
2   does not contend, and the record does not show, that Petitioner's
3   counsel made these statements in closing argument, and the statements
4   do not indicate any concession of guilt on the kidnapping charge.
5   Moreover, as previously indicated, Petitioner argued to the California
6   Supreme Court that counsel "asked the jury not to convict petitioner
7   of the charge of kidnapping" (Pet. Ex. I, p. 4b).  This argument,
8   seemingly at odds with the claim Petitioner makes herein, left the
9   record before the California Supreme Court so confused that "fair
10  presentation" of the instant claim cannot possibly have occurred.
11
12      Petitioner also attaches to the present Petition a declaration of
13  Petitioner in which Petitioner states that his attorney did not tell
14  Petitioner that counsel intended to concede guilt in closing, and
15  continues: "Had he told me he intended to concede guilt of the charges
16  relating to the encounter with Asad Milbes I would have strenuously
17  objected and opposed such a decision in no uncertain terms" (Pet. Ex.
18  O).  This declaration bears a signature date of July 24, 2008, a date
19  after the date the California Supreme Court denied Petitioner's habeas
20  corpus petition, and hence the declaration could not have been
21  submitted in support of that petition.[2]  The Court concludes that
22  Petitioner did not fairly present to the California Supreme Court any
23  claim that counsel ineffectively conceded guilt on the kidnapping
24

---

25      [1]    The context in which these statements were made is
26  unclear.  The present record does not contain the reporter's
27  transcript.

28      [2]    Petitioner's California Supreme Court petition makes no
    reference to any attached declaration of Petitioner.

1  charge.   This claim is unexhausted.

2

3  **II.   Petitioner Is Not Entitled to a Stay.**

4

5       In <u>Rhines v. Weber</u>, 544 U.S. 269 (2005) ("<u>Rhines</u>"), the United

6  States Supreme Court held that, in "limited circumstances," a district

7  court has discretion to stay and hold in abeyance a mixed habeas

8  corpus petition pending exhaustion of state remedies.   <u>Rhines</u>, 544

9  U.S. at 277.   Stay and abeyance is "only appropriate when the district

10 court determines there was good cause for the petitioner's failure to

11 exhaust his claims first in state court."   <u>Id.</u>; <u>see also</u> <u>Jackson v.</u>

12 <u>Roe</u>, 425 F.3d 654, 660-61 (9th Cir. 2005).   The <u>Rhines</u> Court held

13 that, even if a petitioner had good cause for that failure, the

14 district court would abuse its discretion if it were to grant him a

15 stay when his exhausted claims are "plainly meritless."   <u>Rhines</u>, 544

16 U.S. at 277 (citation omitted).   Under <u>Rhines</u>, "it likely would be an

17 abuse of discretion for a district court to deny a stay and to dismiss

18 a mixed petition if the petitioner had good cause for his failure to

19 exhaust, his unexhausted claims are potentially meritorious, and there

20 is no indication that the petitioner engaged in intentionally dilatory

21 litigation tactics."   <u>Id.</u> at 278.

22

23      In support of his request for a stay, Petitioner alleges:

24 "Because petitioner's claims are not plainly meritless, the AEDPA

25

26

27

28

limitations period has run out[3] and petitioner was not informed by the state courts which subclaims were ruled-on; good cause exists for staying these proceedings to allow state court exhaustion" (Opposition, p. 9).

This Court need not determine whether Petitioner's unexhausted claims are meritless, or whether Petitioner engaged in "intentionally dilatory litigation tactics." For the reasons discussed below, Petitioner has failed to show good cause for his failure to exhaust his unexhausted claim.

In _Rhines_, the Supreme Court did not explain what sort of showing would suffice to satisfy the requirement that a petitioner show "good cause" for failing previously to exhaust. In _Jackson v. Roe_, _supra_, the Ninth Circuit held that a showing of "extraordinary circumstances" was not required, but did not otherwise elucidate the meaning of "good cause" in this context. See _Jackson v. Roe_, 425 F.3d at 661-62. Recently, in _Wooton v. Kirkland_, 540 F.3d 1019 (9th Cir. 2008) (_pet. for cert. filed_ Sept. 29, 2008 (No. 08-6650)), the Ninth Circuit indicated that, although "extraordinary circumstances" are not required, a court must interpret _Rhines_' good cause requirement "in light of the Supreme Court's instruction in _Rhines_ that the district court should only stay mixed petitions in 'limited circumstances.'" _Id._ at 1024 (citation omitted). The _Wooten_ Court held that a

---

[3]      The "Antiterrorism and Effective Death Penalty Act of 1996" ("AEDPA"), signed into law April 24, 1996, amended 28 U.S.C. section 2244 to provide a one-year statute of limitations governing habeas petitions filed by state prisoners. See 28 U.S.C. § 2244(d).

1 petitioner's mistaken belief that the petitioner's state court
2 petition contained his unexhausted claims did not satisfy <u>Rhines</u>' good
3 cause requirement, but the court did not otherwise attempt to define
4 "good cause."

5

6      Whatever the content of the "good cause" standard, however, in
7 the present case Petitioner has wholly failed to show <u>any</u> cause for
8 his failure to exhaust, much less "good cause."  Petitioner's
9 allegation that he may have allowed the statute of limitations to
10 expire on Petitioner's unexhausted claim does not show any cause for
11 Petitioner's failure to exhaust, much less good cause.  The allegation
12 that the state courts' orders denying habeas relief assertedly did not
13 inform Petitioner which of his claims of ineffective assistance of
14 counsel were "passed on by the court" also does not demonstrate any
15 cause, much less any good cause, for Petitioner's failure to present
16 his unexhausted claim to the California Supreme Court.  Regardless of
17 the alleged silence of the orders of the Superior Court and the Court
18 of Appeal concerning any of Petitioner's claims, Petitioner had the
19 ability to raise in the California Supreme Court his claim that trial
20 counsel ineffectively conceded guilt on the kidnapping charge in
21 closing argument.  Petitioner did allege, in his California Supreme
22 Court habeas petition, that his trial counsel ineffectively conceded
23 guilt on the robbery charges.  In the portion of the supporting
24 Memorandum concerning counsel's alleged failure to investigate a
25 possible defense witness, Petitioner quoted from counsel's closing
26 argument, in which counsel reportedly argued that the evidence did not
27 show kidnapping for robbery, allegedly stating, <u>inter alia</u>: "My client
28 committed the robbery; he committed the kidnapping.  They are

1  separate." (Pet. Ex. J, p. 28).  Thus, at the time Petitioner filed

2  his California Supreme Court petition, Petitioner was well aware of

3  what his trial counsel had said to the jury.  Yet, Petitioner failed

4  to argue to the California Supreme Court that counsel was ineffective

5  for conceding guilt on the kidnapping charge in closing argument.  To

6  the contrary, Petitioner represented to the California Supreme Court

7  that counsel had "asked the jury not to convict petitioner of the

8  kidnapping" (Pet. Ex. I, p. 46).  Therefore, because Petitioner has

9  failed to show the "good cause" required for a stay under <u>Rhines v.</u>

10 <u>Weber</u>, Petitioner's request for a stay of his mixed Petition is

11 denied.

12

13                           **CONCLUSION AND ORDER**

14

15      A district court generally must dismiss a "mixed" habeas corpus

16 petition raising both exhausted and unexhausted claims.  28 U.S.C.

17 § 2254(b); <u>see</u> <u>Rhines v. Weber</u>, 544 U.S. at 273; <u>Pliler v. Ford</u>, 542

18 U.S. 225, 230 (2005); <u>Rose v. Lundy</u>, 455 U.S. 509, 522 (1982); <u>Jackson</u>

19 <u>v. Roe</u>, 425 F.3d at 658, 661 n.9 ("when a district court opts <u>not</u> to

20 stay a mixed petition pursuant to <u>Rhines [v. Weber]</u>, the requirements

21 set forth in <u>Rose [v. Lundy]</u> continue to govern"; original emphasis).

22 However, a court may not dismiss a mixed petition without first

23 permitting the petitioner the opportunity to amend the petition to

24 delete any unexhausted claim.  <u>Jefferson v. Budge</u>, 419 F.3d 1013, 1015

25

26

27

28

(9th Cir. 2005) (citing, <u>inter alia</u>, <u>Rose v. Lundy</u>, 455 U.S. at 510).[4] If Petitioner chooses to do so, the Court will proceed to the matter of Petitioner's exhausted claim.

Alternatively, Petitioner may request a dismissal of the entire Petition without prejudice. The Court observes, however, that dismissal of the present proceeding (even dismissal "without prejudice") might contribute toward a statute of limitations bar against a federal petition subsequently filed by Petitioner.[5] Although section 2244(d)(2) of Title 28 U.S.C. tolls limitations during the pendency of "a properly filed application for State post-conviction or other collateral review," the statute of limitations probably would not have been tolled during the pendency of the present

---

[4]     In <u>Pliler v. Ford</u>, 542 U.S. at 231-34, the Supreme Court appeared to hold that a district court is not <u>required</u> to warn a petitioner who has filed a "mixed" petition of: (1) the court's inability to stay the proceeding, absent the stay and abeyance procedure; or (2) the possibility (or certainty) that a future federal petition would be time-barred if the court dismisses the mixed petition. In <u>Jefferson v. Budge</u>, 419 F.3d at 1015, the Ninth Circuit held that <u>Pliler v. Ford</u> did not abrogate the rule that a district court must afford a petitioner the option of amending a mixed petition to delete unexhausted claims.

[5]     This Court does not interpret <u>Pliler v. Ford</u> to forbid the Court from noting a possible statute of limitations issue or from describing Petitioner's options neutrally, without encouragement or discouragement.

1  federal petition.  See Duncan v. Walker, 533 U.S. 167 (2001).[6]

2

3      Within thirty (30) days of the date of this Order, Petitioner

4  shall file either: (1) a request to amend the Petition to delete and

5  abandon Petitioner's unexhausted claim; or (2) a request for dismissal

6  ///

7  ///

8  ///

9  ///

10  ///

11  ///

12  ///

13  ///

14  ///

15  ///

16  ///

17  ──────────────────

18      [6]    In Pace v. DiGuglielmo, 544 U.S. 408 (2005), the Supreme
   Court assumed, without deciding, that equitable tolling could
19  apply to the habeas statute of limitations set forth in 28 U.S.C.
   section 2244(d).  The Ninth Circuit permits equitable tolling of
20  the statute of limitations "if 'extraordinary circumstances
   beyond a prisoner's control make it impossible to file a petition
21  on time.'"  See Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir.
22  2003) (citation omitted); but see United States v. Beggerly, 524
   U.S. 38, 48 (1998) (equitable tolling not permissible where the
23  text of the statute of limitations defers the statute's
   commencement until the plaintiff knew or should have known of the
24  existence of the claim); compare Neverson v. Farquharson, 366
25  F.3d 32, 40-41 (1st Cir. 2004) (rejecting argument that delayed
   accrual and statutory tolling provisions of section 2244(d) show
26  legislative intent to preclude equitable tolling); Harris v.
   Hutchinson, 209 F.3d 325, 329 (4th Cir. 2000) (same).  This Court
27  need not and does not now determine whether equitable tolling
   might apply with respect to a federal petition that Petitioner
28  subsequently might file.

1    of the entire Petition without prejudice. Failure timely to respond

2    to this Order may result in the denial and dismissal of the Petition.

3

4           DATED: _____February 12, 2009_____.

5

6

7                 _____
                 MARGARET M. MORROW
           UNITED STATES DISTRICT JUDGE

8

9

10 Presented this 18th day of

11 November, 2008, by:

12

13 _____
     CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28